IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01744-MSK-BNB

ROBERT MORRILL,
RYAN MORRILL,
MICHAEL BARKLEY,

    Plaintiffs,

v.

G.A. WRIGHT MARKETING, INC., and
G.A. WRIGHT, INC.,

    Defendants.

_____

**OPINION AND ORDER**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Stay Litigation **(# 36)** and the Plaintiffs' response **(# 43)**; the Defendants' Motion for Summary Judgment and Motion to Dismiss **(# 52)**, and the Plaintiff's response **(# 63)**, and the Defendants' reply **(# 66)**; and the Plaintiffs' Motion to Strike **(# 69)** that reply, to which the time for responding has yet to run. In addition, the docket reflects that the Defendants' Motion to Dismiss **(# 4)** and the Plaintiffs' Motion to Strike **(# 9)** remain pending.

    **A. Motion to Stay**

By Order **(# 10)** dated September 24, 2004, this Court held that the claims of Plaintiffs

Robert Morrill and Barkley against Defendant G.A. Wright Marketing, Inc. were subject to of a mandatory arbitration agreement, but their claims against Defendant G.A. Wright, Inc. were not. In the instant motion, the Defendants contend that the Plaintiffs have since alleged that Defendants G.A. Wright, Inc. and G.A. Wright Marketing, Inc. are a single legal entity, and thus, by operation of equitable estoppel, all claims by these two Plaintiffs are subject to the arbitration agreement. The Defendants thus move to stay litigation of the claims of these two Plaintiffs as against Defendant G.A. Wright, Inc., in favor of pending arbitration proceedings. In response, the Plaintiffs state that they "are in the process of negotiating with Defendants on the issue of which portion of this case should be heard in the pending arbitration," and that they "stipulate to Defendant's request that this matter be stayed as to the claims of Robert Morrill and Michael Barkley." The Plaintiffs do not address the Defendants argument with regard to whether their allegations constitute judicial admissions or give rise to equitable estoppel.

      The Plaintiffs' response, distilled to its essence, is that the parties are negotiating whether the claims against Defendant G.A. Wright, Inc. will be presented in the arbitration, and that the Plaintiffs have no objection to staying the case until those negotiations are concluded. Although the Court strongly encourages the parties to continually negotiate in an effort to narrow the issues presented for review, the fact of such negotiations is not a basis for deferring ruling by the Court on properly presented issues of fact and law. Despite the parties' best efforts, negotiations often fail, and the parties are left needing resolution of the same issues that could

have been timely presented and resolved at the time of the initial motion. This case is a fine example - the Defendants' motion was filed on March 21, 2005, and the Plaintiffs' response on April 11, 2005. Had the Plaintiffs briefed the issue presented, the Court would be prepared to make a substantive determination at this time. Instead, by deferring their substantive response, the Plaintiffs have ensured that any decision by this Court must either await additional briefing or be made without the benefit of the Plaintiffs' legal and factual analysis.

However, because the arbitration in question was scheduled for July 5, 2005, it would appear that the matter is now moot; either the parties voluntarily arbitrated the claim against Defendant G.A Wright, Inc., in which event the two Plaintiffs' claims will likely be dismissed in favor of the arbitration award, or they did not, in which case those claims remain subject to resolution through this litigation. Accordingly, the Court will deny the Defendants' Motion to Stay as moot. In the event that the parties have not effectively resolved the issues presented in the motion through negotiation and arbitration, the Defendants may refile it.

### B. Motion for Summary Judgment and Motion to Strike

The Defendants move for summary judgment on all claims by Plaintiff Ryan Morrill, arguing that Morrill cannot, as a matter of law, maintain an associational claim under the Age Discrimination in Employment Act ("ADEA"); is not covered by the Family and Medical Leave Act ("FMLA"); and that upon dismissal of those two claims, the Court lacks supplemental jurisdiction over his common-law claim of intentional infliction of emotional distress.

In response, the Plaintiff filed a request pursuant to Fed. R. Civ. P. 56(f) to defer ruling on the motion with regard to the ADEA claim pending additional discovery, namely, the deposition of Defendants' CEO, Gary Wright, and the receipt of responses to interrogatories from the Defendant concerning criticism of Plaintiff Morrill's performance. The Plaintiff also stipulated to dismissal of the FMLA claim.

The Defendants then filed a reply brief, disputing that any additional discovery was required, iterating its arguments as to the ADEA and FMLA claims, and raising a new argument that the common-law claim for intentional infliction of emotional distress failed to state a claim. The Defendants also raised a new request, asking for attorney's fees to be awarded "based on [Plaintiff Morrill's] wasteful and bad faith pursuit of these wholly frivolous claims."

The Plaintiff then moved to strike the Defendants' reply affidavit, asserting that the substantive argument with regard to the intentional infliction claim and the request for attorney's fees were improperly raised for the first time in reply.

The parties submissions are not helpful. Rather that focusing the issues, they expand and avoid them. Turning first to the Plaintiff's, the Rule 56(f) request is misplaced. The Defendants' Motion for Summary Judgment did not raise any factual contentions that required further discovery; it raised purely legal issues: (i) whether an associational claim is available under the ADEA; and (ii) whether the Court would retain subject-matter jurisdiction over the common-law claim upon the dismissal of the Plaintiff's federal claims. Because the Plaintiff rested solely on

4

the Rule 56(f) request, and did not submit any briefing on the legal issues, the Court lacks full briefing and resolution of the matter has been unnecessarily delayed.

With regard to the Defendants' reply, the Court observes that the issues relating to the legal sufficiency of the common-law claim and the request for attorney's fees were improperly raised after the Plaintiff's response. In addition, the reply includes an argument relating to the FMLA claim, despite the Plaintiff's clear statement that he was withdrawing that claim. For these reasons, the Court agrees with the Plaintiff that the reply brief is impertinent and should be stricken.

The Court is not prepared to rule on the legal issues raised in the Motion for Summary Judgment without hearing from the Plaintiff. Discovery has now closed and Plaintiff shall file a supplemental brief in opposition to the Motion for Summary Judgment on or before July 25, 2005. That brief shall address only two issues: whether, as a matter of law, an associational claim can be brought under the ADEA; and whether the Court would retain subject-matter jurisdiction over the common-law claim in the event the ADEA claim is dismissed. Given that the Plaintiff has already had an extended time to consider the arguments in the Defendants' Motion, no extensions of this 10-day deadline shall be granted. The Defendant shall have until August 1, 2005 to file a reply, if any, to the Plaintiff's brief. The Defendants are reminded that a reply brief is necessary only to respond to new arguments raised by the Plaintiff; a reply brief that merely reiterates arguments raised in the initial motion is unnecessary, and shall be

disregarded.

### C. Remaining docket items

The Court's Order of September 10, 2004 resolved the Defendants' Motion to Dismiss **(#4)** in its entirety, and should result in Docket # 4 being terminated. Docket # 9 is the Plaintiffs' reply to the Motion to Dismiss, as well as a Motion to Strike Docket # 4 as an improper summary judgment motion. Docket # 9 is denied as moot, and additionally denied because it improperly combines a motion and a response in a single filing in violation of D.C. Colo. L. Civ. R. 7.1(C).[1] The parties are reminded that motions to strike are disfavored, and should be reserved for situations in which the offending document is truly scandalous or impertinent. *See e.g.* Fed. R. Civ. P. 12(f). They should not be used simply to highlight technical deficiencies in the other party's filings. The Court will independently assess whether a filing is properly presented.

**IT IS THEREFORE ORDERED THAT** the Clerk of the Court shall terminate the Defendants' Motion to Dismiss **(# 4)**, pursuant to the Court's September 10, 2004 Order **(# 10)**. The Plaintiffs' September 23, 2004 Motion to Strike **(# 9)** is **DENIED**. The Defendants' Motion to Stay Litigation **(# 36)** is **DENIED** without prejudice. The Plaintiff shall file a supplemental brief in opposition to the Defendants' Motion for Summary Judgment, consistent with the

---

[1] The Court notes that the Plaintiffs cite this exact rule as a basis to request striking of the Defendants' reply to the summary judgment motion, apparently unaware that they, too, have violated it.

directives in this Order, on or before **July 25, 2005**, and the Defendants shall have until **August 1, 2005** to file a reply, if any. The Plaintiffs' Motion to Strike **(# 69)** is **GRANTED**, and the Defendants' reply brief **(# 66)** is **STRICKEN** as impertinent.

Dated this 14th day of July, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge