IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01744-MSK-BNB


RYAN MORRILL,
MICHAEL BARKLEY,
THE ESTATE OF ROBERT MORRILL,

     Plaintiffs,

v.

G.A. WRIGHT MARKETING, INC., and
G.A. WRIGHT, INC.,

     Defendants.

_____

**OPINION AND ORDER DENYING MOTION TO VACATE AWARD AND DENYING
MOTION FOR SANCTIONS**
_____

     **THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Vacate

Arbitration Award **(# 87)**, the Plaintiffs' response **(# 93)**, and the Defendants' reply **(# 98)**; and

the Plaintiffs' Motion for Sanctions **(# 99)**, the Defendants' response **(# 100)**, and the Plaintiffs'

reply **(# 101)**.

## BACKGROUND

     In this action, the Plaintiffs asserted various employment discrimination claims.  The

parties agreed to arbitrate all of the claims, and presented the case to an arbitrator from August

29, 2005 to September 29, 2005.

On November 24, 2005, the arbitrator issued an **Interim[1] Award** which included:

**FINDINGS:**

(i) in favor of Plaintiff Robert Morrill on his claim that he was terminated on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and in favor of the Defendants on his claims of retaliation and wrongful discharge in violation of public policy;

(ii) in favor of Plaintiff Ryan Morrill on his claim that his termination was discriminatory[2] in violation of the ADEA, based on Ryan Morrill's association with a victim of age discrimination – Plaintiff Robert Morrill – and in favor of the Defendants on Plaintiff Ryan Morrill's claim of outrageous conduct; and

(iii) in favor of the Defendants on all the claims asserted by Plaintiff Michael Barkley.

**DAMAGE AWARD:**

(i) to Robert Morrill, lost wages in the amount of $50,000, plus liquidated damages under the ADEA in the amount of $ 50,000, and front pay in lieu of reinstatement in the amount of $ 363,500, plus costs and attorney's fees;

(ii) to Ryan Morrill, damages in the amount of $ 34,300, plus costs and attorney's fees; and

(iii) to the Defendants, the costs of the proceedings brought by Plaintiff Michael Barkley.

In addition, the arbitrator determined that the two Defendant entities constituted a joint employer  for purposes of the awards.

---

[1]The Interim Award addressed all of the merits of the various claims, leaving only the amount of attorney's fees to be awarded to the Plaintiffs for further consideration.  The Defendants have not challenged the amount of fees awarded in the Final Award.

[2]The parties apparently disagree as to whether this claim was a claim of discriminatory termination under the ADEA or a claim of retaliation under the ADEA.  As discussed more fully herein, the distinction is immaterial to the outcome of this matter.

The Defendants moved **(# 87)** to vacate the award in part, alleging that: (i) the arbitrator manifestly disregarded the law in finding in favor of Plaintiff Ryan Morrill on a claim of retaliation under the ADEA based upon his association with another person; (ii) the arbitrator's determination is in manifest disregard of the facts in the record regarding the reasons for Plaintiff Ryan Morrill's termination; and (iii) the award of damages to Plaintiff Robert Morrill is in manifest disregard of both the facts and the law.

The Plaintiffs moved for sanctions **(# 99)**, contending that the Defendants' arguments for vacatur lack support in law and fact in violation of Fed. R. Civ. P. 11(b).

## ANALYSIS

### A.  Standard of review

As the Court reminded the parties at a prior hearing in this matter, arbitration awards may be vacated by the District Court only upon extraordinarily narrow grounds.  Indeed, the 10th Circuit has characterized the standard of review of arbitral awards as "among the narrowest known to the law."  *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005). Under the Federal Arbitration Act, 9 U.S.C. § 10(a), the Court may set aside an award only where the award was procured by corruption or fraud; was the result of partiality by the arbitrator; where the arbitrator engaged in misconduct; or where the arbitrator so exceeded or imperfectly executed his powers that a definite award on the matter submitted was not made.  In addition to these criteria – none of which are patently asserted by the Defendants here – there are a limited number of judicially-created grounds for vacating an award, including that the award is violative of public policy, that the arbitrator engaged in manifest disregard of the law, or that the arbitration denied the parties a fundamentally fair hearing. *Sheldon v. Vermonty*, 269 F.3d 1202,

1206 (10th Cir. 2001). Outside of these limited areas, the arbitration award must be confirmed, even in the face of errors by the arbitrator in factual findings or his interpretations of the law. *Id.* The District Court does not sit to hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision. *United Paperworkers Intern. Union v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987). Indeed, in *Misco*, the Supreme Court refused to reconsider what was claimed to be "improvident, even silly, factfinding" by the arbitrator. 484 U.S. at 39.

"Manifest disregard" of the law means more than simply a or misunderstanding of the applicable law or an error in its application. *Sheldon*, 269 F.3d at 1207. To engage in "manifest disregard," the arbitrator must be "willfully inattentive" to the governing law. *Id.; Nukem,* 400 F.3d at 830. That means that the party asserting manifest disregard of the law must show that the arbitrator knew what the binding authority was and explicitly disregarded it. *Bowen v. Amoco Pipeline, Inc.*, 254 F.3d 925, 932 (10th Cir. 2001). Notably, the "manifest disregard" standard applies only to conclusions of law; "[t]he arbitrator's factual findings are beyond review." *Kennecott Utah Copper Corp. v. Becker*, 195 F.3d 1201, 1204 (10th Cir. 1999), *citing Champion Boxed Beef v. Local No. 7*, 24 F.3d 86, 87 (10th Cir.1994); *Denver & Rio Grande Western R.R. Co. v. Union Pacific R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) ("Errors in [ ] the arbitrator's factual findings . . . do not justify review . . . [T]he factual findings of the arbitrator are insulated from judicial review").

**B.  Challenges to the arbitrator's conclusions of law**

The Defendants raise a single challenge to the arbitrator's application of the law, namely, his recognition of a claim under the ADEA founded on associational status. The relevant portion of the arbitrator's award reads as follows:

> The termination of Mr. Ryan Morrill a short time after his father was terminated and his father refused to negotiate a non-disparagement agreement or resolution of his termination is strong evidence that Mr. Ryan Morrill was terminated simply because he was associated with his father as a victim of age discrimination. In certain circumstances, the ADEA allows for a remedy to any aggrieved party regardless of the employee's age. *Anderson, Inc. v. Phillips Petroleum,* 722 F.Supp. 668, 670 (D. Kan. 1989); *Allen v. Americal* (sic) *Home Foods, Inc.*, 644 F.Supp. 1553, 1560 (N.D Ind. 1986).

*Docket* # 92, Ex. 4 at 10.

The Defendants raise two arguments: that "there is absolutely no legal authority supporting" associational claims under the ADEA and that the cases cited by the arbitrator do not stand for the propositions for which they are cited. Only the first argument directly addresses "manifest disregard" of the law. The second argument essentially asks the Court to engage in appellate-style review of the correctness of the arbitrator's conclusion, a request that is foreclosed by the limited scope of the Court's review here.

The Court observes that the question of whether the ADEA permits an individual under age 40 to bring a claim based upon his association with a person over 40 is one which has received little judicial attention. The Defendants insist that there is a single reported decision that has addressed this issue and that the authoring court rejected the theory. The case that the Defendants identify is *May v. Shuttle, Inc.*, 129 F.3d 165 (D.C. Cir. 1997). Unfortunately *May* is of little persuasive guidance, as it rejects the theory out of hand without analysis, observing only

5

that "Plaintiffs have absolutely no legal support for this assertion." 129 F.3d 172. The Plaintiffs

accurately point out in their brief that such a superficial rejection of the theory arguably is at odds

with a not insubstantial body of rulings recognizing associational claims under other, similarly-

crafted anti-discrimination laws.  *See e.g. Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205,

207-08 (1972) *and its progeny*; *Childress v. City of Richmond*, 120 F.3d 476, 481 (4th Cir. 1997)

("*Trafficante*[ ] . . . has been adopted by every court of appeals that has considered the issue of a

white person's standing to sue under Title VII for associational or hostile environment claims

flowing from discriminatory conduct directed at black persons") *and cases cited therein*; *EEOC v.*

*Bailey Co.*, 563 F.2d 439, 452 (6th Cir. 1977) (allowing white employee to bring race

discrimination claim based on discrimination against racial minorities).

Of course, whether the ADEA permits recognition of an association-based discrimination

claim is not the question presented here.  The issue here is whether the arbitrator "manifestly

disregarded" the limited legal authority law addressing the issue.   Taking the Defendants'

argument at face value - that there is but a single, non-precedential opinion addressing the issue,

containing no meaningful analysis - this Court is hard pressed to say there is governing law, much

less that the arbitrator manifestly disregarded it.  This is not a circumstance where, for example,

the arbitrator's decision flies in the face of binding precedent or multiple decisions that agree on a

particular construction of a statute or which have authoritatively on a point. *See e.g. Solvay*

*Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 475 n. 3 (6th Cir, 1996)

("manifest disregard" occurs when arbitrator rejects a legal principle that is "clearly defined and

not subject to reasonable debate"). Instead, according to the Defendants, the issue was essentially

one of first (or perhaps second) impression, for which the arbitrator had minimal judicial

explication to guide him.  Put simply, he disagreed with the conclusion reached in an single

appellate decision, a conclusion that was limited by the record presented to the issuing court.  In

light of the deferential standard governing reviews of arbitration awards, the  Court cannot say

that the arbitrator's decision to chart a course at variance with that chosen by the *May* court is

a"manifest disregard" of the law.

### C.  Erroneous factual findings

The Defendants challenge several factual findings by the arbitrator.  These include his

finding that the Defendants failed to present evidence of an economic need or other credible

reason to terminate Ryan Morrill, that there was a "philosophy" of age discrimination among the

Defendants' executives, and his failure to give "due weight" to statistical evidence regarding the

average age of the workforce prior to and after the Defendants' reduction in force.

As stated above, the precedent in the 10th Circuit clearly renders factual findings by an

arbitrator beyond the scope of judicial review.  The Defendants do not directly address this

proposition.  Instead, by string citation in a footnote, they direct the Court to a series of decisions

from various jurisdictions for the apparent proposition that the Court may vacate awards whose

findings of fact are not supported by the hearing record.  *Docket* # 92 at 5 n. 3.  Only three of the

cited cases come from this circuit, and only one of those, *Mistletoe Express Serv. v. Motor*

*Exrpressmen's Union*, 566 F.3d 692, 694 (10th Cir. 1977), is a published decision.[3]

_____

[3]One of the other two decisions cited by the Defendants, *Cononco Inc. v. Oil, Chem. &*
*Atomic Workers*, 1988 WL 163062 (10th Cir. 1988) (unpublished), actually undercuts the
assertion.  In that case, the 10th Circuit expressly stated that "No one disputes the arbitrator's
findings of fact."  *Id.* at * 3.  If no party disputed the arbitrator's findings of fact, the District
Court was not purporting to review those findings.

*Mistletoe Express* is a curious case.  In it, the 10th Circuit recited the standard for reviewing arbitration awards with reference to 5th Circuit case authority stating that "An arbitrator's award must be upheld unless it is contrary to the express language of the contract or unless it is so unfounded in reasons and fact, so unconnected with the wording and purpose of the agreement as to manifest an infidelity to the obligation of the arbitrator."  566 F.2d at 694. The reference to contract interpretation suggests a review of conclusions of law.  However, the *Mistletoe Express* court went on to vacate the arbitrator's award, finding, among other things, that the arbitrator incorrectly concluded that the employer had engaged in selective enforcement of its work rules – clearly, a factual finding.  *Id.* at 695.

In Westlaw, *Mistletoe Express* is annotated with a yellow flag, advising that the case has been the subject of negative indirect history.  That flag delivers the reader to *Swinerto & Walberg Co. v. United Assn. of Journeymen and Apprentices*, 806 F.Supp. 913 (D. Colo. 1992).  In that case, Judge Kane stated "I believe that *Mistletoe* was wrongly decided, and represents an aberrant situation where the court determined to review the merits of the underlying arbitrator award, notwithstanding the lip service it paid to the narrow scope of judicial review."  *Id.* at 917.  Judge Kane goes on to cite to L. Kaden, *Judges and Arbitrators*, 80 Colum. L. Rev. at 270, which apparently criticizes *Mistletoe* as "judicial overreaching."  *Id.*

Regardless of whether *Mistletoe Express* was rightly or wrongly decided, it is clear that the 10th Circuit has since tightened the scope of review of arbitral awards.  As noted above, in the past decade, the 10th Circuit has repeatedly stated that an arbitrator's factual findings are not subject to judicial review.  *Kennecott*, 195 F.3d at 1204; *Denver & Rio Grande*, 119 F.3d at 849. Consequently, this Court will not revisit or re-weigh the evidence in judgment of the accuracy of

the arbitrator's findings.  To the extent that the arbitrator made errors of fact – and this Court expresses no opinion on that point – the unreviewability of such errors is part of the bargain struck in exchange for the speed and informality of the arbitral forum.

### D.  Admission of expert testimony

Finally, the Defendants complain of the arbitrator's admission of (and reliance upon) expert testimony from Dr. Jane Lillydahl regarding Robert Morrill's damages.  The Defendants contend that Dr. Lillydahl's methods and conclusions were inadmissible under *Daubert v. Merrill-Dow Pharmaceuticals*, 509 U.S. 579 (1993).[4]

Unless the parties have expressly agreed to what evidence the arbitrator may or may not consider, "procedural" questions, such as matters relating to the admissibility of evidence, are matters left to the arbitrator's discretion, and beyond the scope of the court's review.  *Misco*, 484 U.S. at 39-40 ("The parties bargained for arbitration to settle disputes and were free to set the procedural rules for arbitrators to follow if they chose").  Here, there is no indication that the parties had expressly agreed as to limitations on the arbitrator's ability to receive and consider opinion testimony, nor that they had reserved questions as to whether such testimony was admissible to some other decisionmaker.  As a result, the decision of whether to receive and consider Dr. Lillydahl's testimony was one which was necessarily confined to the arbitrator's discretion, and not subject to review by this Court.

---

[4]The Plaintiffs respond that the Defendant never objected on *Daubert* grounds to the arbitrator's receipt of Dr. Lillydahl's testimony.

Accordingly, because the Defendants have failed to demonstrate that the arbitrator's award suffers from a defect commanding its vacatur, their Motion to Vacate is denied. Instead, the Court confirms the award in its entirety.

**E.  Plaintiffs' Motion for Sanctions**

The Plaintiffs seek sanctions against the Defendants, arguing that the Plaintiffs' representations of the law governing the standard of review of arbitration awards and the ADEA associational claim, among others, are not warranted by existing law in violation of Fed. R. Civ. P. 11(b)(2); and that the Defendants made factual assertions about the content of the hearing record without evidentiary support in violation of Fed. R. Civ. P. 11(b)(3).

Although the Court has some doubt that the Defendants' motion was presented in complete good faith, particularly in light of the selectiveness of Defendants' presentation of case authority with regard to the standard of review, the Court is not prepared to say that the Defendants' positions are without any reasonable support in law. As Judge Kane found in *Swinerto*, a case like *Mistletoe Express*, for all its faults, remains good law. A party's reliance upon that case, however questionable, does not warrant imposition of sanctions. With regard to the reasonableness of the Defendants' arguments concerning the viability of an associational claim under the ADEA, the Court is reminded of the adage "What is sauce for the goose is also for the gander." Namely, just as the Court has found that there is no significant body of caselaw unambiguously refuting the existence of such a claim, the absence of well-established legal authority that unambiguously approves of an associational claim in the context presented here permits the Defendants to reasonably argue that, on the strength of *May* alone, such a claim does not exist.

10

Finally, the Plaintiffs' complaint that the Defendants misrepresented the contents of the hearing record also are no basis for imposition of sanctions. Any such misrepresentations, about which the Court makes no finding, would be immaterial because the arbitrator's factual findings are not subject to judicial review.

For the foregoing reasons, the Plaintiffs' Motion for Sanctions is denied.

**F. Attorney Fees**

Although no sanctions are imposed, the Court is mindful that the arbitrator found in favor of Plaintiff Robert Morrill and Plaintiff Ryan Morrill on their ADEA claims, and awarded them attorney's fees consistent with 29 U.S.C. § 626 and 29 U.S.C. § 216(b).  Whether the instant proceedings are characterized as an appeal, enforcement, or some other collateral proceeding, the fees expended by the Plaintiff in defending the arbitrator's award in this proceeding arguably fall within the scope of that award.  *See e.g. Sanders v. Elephant Butte Irrigation Dist.*, 113 F.3d 468, 472 (10th Cir. 1997).

To promote the finality of this matter, the Court will determine the fee award for this portion of the litigation, rather than referring that matter back to the arbitrator.  Unless the parties can otherwise agree to a reasonable fee award for the present proceedings, within 10 days of the date of this Order, the Plaintiffs shall submit an affidavit and supporting material reflecting the fees expended on this matter.  Within 10 days of that submission, the Defendants shall have the opportunity to file a response.  No reply will be permitted.  The Court will determine the reasonable fees to be awarded for this phase of the litigation, and shall thereafter enter a judgment confirming the award and awarding fees to the Plaintiffs.

## CONCLUSION

11

For the foregoing reasons, the Defendants' Motion to Vacate Arbitration Award **(# 87)** is **DENIED**, and upon resolution of the remaining issue concerning attorney's fees, the Court will enter a judgment confirming the award. The Plaintiffs' Motion for Sanctions **(# 99)** is **DENIED**. The parties shall address the remaining issue of attorney's fees on the schedule set forth herein.

Dated this 18th day of July, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge